## WEST SIDE MOTOR CO. v. POLITZ BROS.

Ohio Appeals, 1st Dist., Butler Co.

No. 384. Decided Oct. 31, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

112. ATTACHMENT.—Property cannot be attached, on account for repairs and labor, where large part of bill is for material furnished.

Error to Common Pleas.
Judgment affirmed.

John A. Christ, Middleton, for West Side Motor Co.

Walter S. Harlan and H. L. Dell, Hamilton, for Politz Bros.

FULL TEXT.

HAMILTON, PJ.

Plaintiff in error brought an action before the justice of the peace on an account for repairs and labor on an automobile, in the sum of $245. An attachment, based on the claim, was levied on the property of the defendant in error. Defendant in error moved to discharge the attachment, and, at the hearing, established the fact, and it was so admitted, that a large part of the bill was for materials furnished. Notwithstanding this fact, the justice of the peace overruled the motion to discharge the attachment. On appeal therefrom to the Court of Common Pleas, the Common Pleas Court discharged the attachment. Error is prosecuted here from the judgment of the Court of Common Pleas, discharging the attachment.

The record and transcript of the evidence, taken on the motion before the court of the justice of the peace is filed in the case, and

discloses the fact that a large part of the claim was for materials furnished.

Plaintiff in error contends that the attachment should have been discharged as to the amount of the claim based on materials furnished, but held good as to the claim for work and labor.

Plaintiff in error states in his brief that he is unable to find any authorities on the question, and this Court knows of none involving the question presented.

Plaintiff in error argues in the brief that reason and justice would support his claim, and suggests that if a claimant had a large claim against a party for work and labor and a mere nominal claim for material, that an attachment, based on the statute authorizing an attachment for work or labor, should not fail because a small, insignificant part of the claim was for material. The reasoning does not establish a statutory right or enlarge the provisions of the statute. Conversely, it might be said that a person could have a claim for a very large sum 'for material furnished and a mere nominal sum for labor, and would succeed in tying up large amounts of property in endeavoring to enforce a settlement.

So that, we are left to the plain provisions of the Code for grounds for attachment, which cannot be enlarged upon.

A proceeding in attachment is a summary, drastic procedure, and requires a strict construction of the Code. The Code provides for the right of attachment on a claim for work and labor. This attachment having been levied on a single claim for repairs, work, labor and material, and such not being provided for in the statutes, we are of opinion that the court was correct in discharging the attachment, and that judgment will be affirmed.

(Mills and Cushing, JJ., concur.)

---

(Continued from Page 2)

1228   VENDOR'S LIEN.

In suit to foreclose vendor's lien for unpaid note given for balance of purchase price of land, renewal of purchase money note with change of rate of interest did not evidence purpose by vendor to waive their lien. Syndicate Coal Co. v. Dixon et, OA. 6 Abs. 10.

1247.   WAIVER.

See 1228. Vendor's Lien. Syndicate Coal Co. v. Dixon et, OA. 6 Abs. 10.

1273.   WITNESSES.

See 1085. Service of Process. Syndicate Coal Co. v Dixon et, OA. 6 Abs. 10.

1283.   WORKMEN'S COMPENSATION.

On appeal from finding of Industrial Commission, failure to allege in petition, where death occurred more than two years after injury, that the compensation was continuous or that the disability was continuous, warrants the court in giving defendant judgment on the pleadings. Bumgard v. Cleve. Ry. Co., OA. 6 Abs. 5.

---

## YOU CAN'T PUT

The Abstract under your pillow at night, and dream out its contents.

Neither can you pigeon-hole or shelve it, and rely upon its telling you the decisions, phonograph like.